# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHARLES BERNARD DAVIS,<br><br>       Petitioner,<br><br>  v.<br><br>G. MCDONALD, Warden, et al.,<br><br>       Respondents. | Civil No. 10cv0359-W (CAB)<br><br>**ORDER: (1) GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS; AND (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 9]** |
|---|---|

  On April 19, 2010, Petitioner, proceeding pro se, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 4.] The Court entered an order on May 3, 2010, reopening the case and setting a briefing schedule for a motion to dismiss. [Doc. No. 5.] Pursuant to the briefing schedule, any motion to dismiss was to be filed on or before June 17, 2010, and any opposition to the motion on or before July 16, 2010. [*Id.*] On June 3, 2010, Defendants filed a Motion to Dismiss the First Amended Petition. [Doc. No. 7.] On July 19, 2010, Petitioner filed an Application for Enlargement of Time and Declaration. [Doc. No. 9.] In his Application, Petitioner requests an extension of time to respond to Defendants' Motion to Dismiss and seeks appointment of counsel.

/ / /

/ / /

### Request for Extension of Time to Respond

Petitioner requests an extension of time to respond to the motion to dismiss claiming he was unable to respond by July 16 because he suffered a heart attack on June 12, 2010 and has difficulty getting around the facilities. (App. at p. 2.) Good cause appearing, the Court hereby **GRANTS** Petitioner's request and gives him an additional 30 days to respond to the Motion to Dismiss. Petitioner shall file a response to Defendants' Motion to Dismiss on or before **September 3, 2010**.

### Request for Appointment of Counsel

Petitioner also requests that the Court appoint him counsel as he claims he has limited mobility due to his heart condition. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is within the discretion of the district court. *Terrovona*, 912 F.2d at 1181.

Having reviewed the Petition and papers filed by Petitioner in this case, this Court finds that Petitioner has been able to articulate his case and is sufficiently able to represent himself. As such, the interests of justice do not warrant appointment of counsel in this case. Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: August 4, 2010

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge