UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BERNARD DAVIS,<br><br>                            Petitioner,<br><br>   v.<br><br>G. MCDONALD, Warden, et al.,<br><br>                           Respondents. | Civil No.    10cv0359-W (CAB)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS**<br><br>**[Doc. Nos. 7, 15]** |

**I.  INTRODUCTION**

     Charles Bernard Davis ("Petitioner"), a state prisoner, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the First Amended Petition").  Respondents move to dismiss the First Amended Petition as barred by the applicable statute of limitations and for failure to exhaust state remedies.  For the reasons that follow, the undersigned Magistrate Judge recommends that Respondents' motion be **GRANTED** and the First Amended Petition be dismissed with prejudice.

**II.  FACTS**

     A jury found Petitioner guilty of three counts of second degree murder with a knife use enhancement. (Lodgment 1 at pp. 1-2.)  Petitioner appealed to the California Court of Appeal arguing that: (1) the trial court reduced the prosecution's burden of proof by instructing the jury with Cal. Crim. No. 355 regarding a defendant's right not to testify; and (2) Petitioner's conviction for

second degree murder should be reduced to voluntary manslaughter because the prosecutor did not meet his burden of proving Petitioner was not acting in imperfect self-defense. (Lodgment 1 at pp. 6-11.) The California Court of Appeal affirmed the judgment on August 28, 2008. (Lodgment 1.) Petitioner then filed a petition for review in the California Supreme Court on the same grounds. (Lodgment 2.) The California Supreme Court denied review on October 22, 2008. (Lodgment 3.)

On February 2, 2010, Petitioner constructively filed his federal petition for writ of habeas corpus in this Court.[1] (Doc. No. 1.) The petition was dismissed for failure to name a proper respondent, allege exhaustion of state judicial remedies, and use the proper form. (Doc. No. 3.) Petitioner constructively filed a First Amended Petition on March 24, 2010. (Doc. No. 4.) The Court then entered an order reopening the case and setting a briefing schedule. (Doc. No. 5.) Respondents filed a motion to dismiss the First Amended Petition on June 3, 2010 (Doc. No. 7) and Petitioner filed his response in opposition to the motion to dismiss on September 16, 2010 (Doc. No. 15).

### III.  DISCUSSION

**A.    Statute of Limitations**

Respondents argue that Petitioner filed his federal petition 11 days after the one-year limitations period expired. (Motion at p. 2.) Respondents contend that the statute of limitations period commenced 90 days after the Supreme Court denied review, thus on January 20, 2009. Therefore, Respondents argue the statute of limitations expired on January 20, 2010 because Petitioner is not entitled to any tolling.

Petitioner agrees that the statute of limitations began to run "at the conclusion of all direct criminal appeals in the state system follow[ed] by the expiration of the time allotted for filing a petition for writ of certiorari . . . which is an additional 90 days." (Opposition at pp. 2-3.) Petitioner, however, argues that his conviction became final on February 14, 2009 and the statute of

---

[1]  Although the state habeas petition is stamped February 12, 2010, Petitioner signed it on February 2, 2010. "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).

limitations expired on February 14, 2010.  Additionally, Petitioner argues that his petition is not untimely as the Court "has already challenged Petitioner's originally filed writ" and did not find "that the petition was time barred."  (Opposition at p. 2.)  He contends the Court "found that summary dismissal [of his First Amended Petition] was not warranted" and ordered Respondents to reply, thereby deeming "petitioner's first amended petition [ ] timely and not time barred." (Opposition at p. 2.)

The Anti-Terrorism Effective Death Penalty Act ("AEDPA") applies to all § 2254 habeas corpus petitions filed after April 24, 1996.  *Smith v. Robbins*, 528 U.S. 259, 268 (2000).  Petitioner filed his federal habeas petition on February 2, 2010.  Therefore, the AEDPA statute of limitations applies.  The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

When a petitioner does not seek writ of certiorari from the United States Supreme Court, the AEDPA's one-year statute of limitations period begins to run 90 days from the date on which the highest state court judgment becomes final.  *See Brown v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). On October 22, 2008, the California Supreme Court denied direct review of Petitioner's conviction. (Lodgment 3; First Amended Petition at p. 2.)  Petitioner did not seek writ of certiorari from the United States Supreme Court.  (First Amended Petition at p. 3.)  Therefore, the one-year statute of limitations began to run on January 20, 2009, not February 14, 2009, and expired one year later, on January 20, 2010.  Petitioner filed his initial petition on February 2, 2010, 13 days after the statute of limitations period expired.

In arguing that the Court has deemed the petition timely, Petitioner mischaracterizes the Court's order and the docket in this case. On February 24, 2010, the Court initially dismissed the Petition based on its facial deficiencies. In doing so, the Court cautioned Petitioner that the one-year statute of limitations applied to his petition. (Doc. No. 3 at pp. 3-4.) Moreover, in the Court's Order reopening the case and setting a briefing schedule following Petitioner's filing of a First Amended Petition, the Court stated:

> "If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the **Petition is barred by the statute of limitations** . . ., Respondent shall file a motion to dismiss. . . ."

(Doc. No. 5 at p. 2.) (Emphasis added.) Therefore, the Court did not deem the Petition timely in any prior order. Since Petitioner did not constructively file his petition until February 2, 2010, and because Petitioner is not entitled to statutory or equitable tolling as discussed below, the petition is untimely.

### 1. Statutory Tolling

The statute of limitations may be tolled for those periods of time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending in the state court. 28 U.S.C. § 2244(d)(2). Petitioner has not shown that he filed an application for state post-conviction or other collateral review. (First Amended Petition at pp. 3-4.) Therefore, Petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

Petitioner also has not shown that he is entitled to equitable tolling. AEDPA's statute of limitations period may be subject to equitable tolling. *Calderon v. United States Dist. Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*. However, equitable tolling is only available where "extraordinary circumstances" beyond the prisoner's control made a timely filing impossible. *Id.* (*citing Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). Courts must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Id.* at 1289. Thus, equitable tolling will not be available in most cases. *Id.* at 1288.

Here, Petitioner does not argue that he is entitled to equitable tolling but rather that he is within the statute of limitations. As discussed above, Petitioner did not file his initial petition within the statute of limitations. Therefore, the Petition is untimely.

### 3. Prior Filing by Petitioner

Although not addressed by Petitioner, Respondents note Petitioner's filing of a motion for extension of time to file a habeas petition in Case No. 09cv2317. (Motion at p. 1; Lodgment 5 & 6.) As Respondents point out, Petitioner had not filed an actual habeas petition in that case and, therefore, the statute of limitations did not stop running. The Court in Case No. 09cv2317 dismissed the action stating:

> "[i]f petitioner wishes to proceed with a habeas action in this Court he must (as is the case with all non-capital prisoners) file a petition for writ of habeas corpus, which will be given a separate civil case number. Accordingly, this action is **DISMISSED** without prejudice because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings in this action."

(Lodgment 4.) Thus, Petitioner did not initiate federal habeas proceedings until he filed a federal habeas petition in this case on February 2, 2010. Accordingly, this Court recommends that the motion to dismiss be granted because Petitioner did not file his federal habeas petition within the statute of limitations and has not shown that he is entitled to any tolling. In the alternative, this Court recommends that the motion to dismiss be granted for failure to exhaust state remedies as discussed below.

### B. Failure to Exhaust

Respondents contend that Petitioner has not exhausted his state court remedies with regard to the claims in his federal habeas petition because Petitioner has not presented any of these claims to the California Supreme Court. (Motion at pp. 5-6.) Petitioner responds that he "alerted the California Supreme Court to the fact that he was claim[ing] a violation of his due process the same claim contained in claim number 1, 2, 3" and, therefore, the claims are exhausted. (Opposition at pp. 3-4.)

The exhaustion of state court remedies is a prerequisite to a federal court's review of claims in a habeas corpus proceeding. 28 U.S.C.A. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 522 (1982); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). In order to properly exhaust state judicial remedies, a California state prisoner must generally present the California Supreme Court

1  with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.
2  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Thus, the petitioner
3  must have raised the same federal claims brought in the federal petition before the state supreme
4  court.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

5  Mere similarity of the state claims to the issues raised in the federal habeas petition is
6  insufficient to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must present
7  the substance of the federal habeas corpus claim to the state courts first.  *Id.* at 163.  (citations
8  omitted.)  A petitioner has not sufficiently presented the substance of a claim to the state courts by
9  making general appeals to broad constitutional principles, such as due process, equal protection, and
10 right to fair trial.  *Id.*  However, a Petitioner has fairly presented an omitted claim to the state
11 supreme court if it is sufficiently related to a claim in the petition for review.  *Wooten v. Kirkland*,
12 540 F.3d 1019, 1025 (9th Cir. 2008).  Claims are sufficiently related "when, by raising one claim,
13 the petition clearly implies another error."  *Id.*  A federal court may dismiss a petition for writ of
14 habeas corpus that contains unexhausted claims.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
15 2006).

16 The state supreme court has not had a fair opportunity to rule on the merits of the issues
17 raised in Petitioner's federal petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  In
18 his petition for review before the California Supreme Court, Petitioner argued that (1) the trial court
19 lessened the prosecutions's burden of proof by giving jury instruction Cal. Crim. No. 355 regarding
20 a defendant's constitutional right not to testify in violation of Petitioner's 5th and 14th Amendment
21 rights (Lodgment 2 at pp. 5-6); and (2) his due process rights were violated when he was convicted
22 of second degree murder because the prosecution failed to prove beyond a reasonable doubt that
23 Petitioner did not act in imperfect self-defense (Lodgment 2 at p. 15).  In his First Amended Petition
24 for federal habeas corpus relief, Petitioner argued that:  (1) his counsel was ineffective because he
25 failed to investigate the medications Plaintiff was taking during trial that caused him to be drowsy
26 during trial and his counsel failed to present mitigating evidence; (2) his counsel was ineffective by
27 allowing admission of contaminated DNA evidence and the prosecutor asserted facts not in evidence
28 during the trial and in closing arguments; and (3) his counsel was ineffective because he allowed

reference to a confession allegedly made in violation of Miranda rights and the trial court erred in admitting the confession. (First Amended Petition at pp. 6-8.)

While Petitioner did argue that his due process rights were violated in his petition for review before the California Supreme Court, Petitioner's federal habeas claims are not sufficiently related to those exhausted claims. The substance of the claims raised in the state courts is different than the substance of the claims presented in his federal habeas petition. In the state courts, Petitioner argued the constitutionality of a jury instruction and whether the prosecution met its burden of proof regarding imperfect self-defense. Petitioner did not raise the issue of ineffective assistance of counsel, the admissibility of evidence, or prosecutorial misconduct in the California Supreme Court. A general appeal to due process violations is insufficient to establish exhaustion. *See Gray*, 518 U.S. at 162-63. Moreover, the issues raised in the California Supreme Court and Petitioner's federal habeas petition are different. Thus, this Court recommends that the motion to dismiss be granted for failure to exhaust state remedies as well.

## IV. CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Respondents' Motion to Dismiss be **GRANTED** and the First Amended Petition be dismissed with prejudice. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **January 12, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED.**

DATED: December 14, 2010

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge