# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BERNARD DAVIS,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br><br>G. MCDONALD, Warden, et al.,<br><br>　　　　　　　Respondent. | CASE NO. 10-CV-0359-W (CAB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 16], (2) GRANTING MOTION TO DISMISS [DOC. 7], (3) DISMISSING THE FIRST AMENDED PETITION [DOC. 4] WITH PREJUDICE, AND (4) DENYING CERTIFICATE OF APPEALABILITY** |

  Petitioner Charles Bernard Davis, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On February 23, 2010, this Court dismissed the Petition without prejudice.

  On April 19, 2010, Petitioner filed a First Amended Petition ("FAP"). On June 3, 2010, Respondent G. McDonald filed a motion to dismiss, which Petitioner opposed. On December 14, 2010, the Honorable Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("Report"), recommending that this Court grant the motion. On January 31, 2011, Petitioner filed an objection to the Report.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons outlined below, the Court **ADOPTS** the Report [Doc. 16], **GRANTS** the motion to dismiss [Doc. 7], and **DISMISSES** the First Amended Petition [Doc. 4] **WITH PREJUDICE.**

I. BACKGROUND

Petitioner did not object to the following factual summary taken from the Report:

A jury convicted Petitioner of three counts of second degree murder with a knife-use enhancement. Petitioner appealed to the California Court of Appeal and argued that the trial court erred in instructing the jury about his right not to testify as a defendant, and that his conviction should be reduced because the prosecution did not meet its burden. The California Court of Appeal affirmed the conviction on August 28, 2008. Petitioner then filed a petition for review in the California Supreme Court, which was denied on October 22, 2008. Petitioner did not file a writ of certiorari with the United States Supreme Court.

On February 2, 2010, Petitioner commenced this proceeding. On February 24, 2010, this Court dismissed the Petition without prejudice for failing to (1) name the proper respondent, (2) allege exhaustion of state-court remedies, and (3) use the proper form.

On March 24, 2010, Petitioner filed the FAP. On June 3, 2010, Respondent filed the motion to dismiss arguing that the FAP was barred by the applicable statute of limitations and because Petitioner failed to exhaust state remedies. Petitioner filed his opposition on September 16, 2010.

On December 14, 2010, Judge Bencivengo issued the Report recommending that this Court grant Respondent's motion to dismiss. The Report found that the FAP should be dismissed as untimely under the applicable statute of limitations (*id.*, 2:11-13), and because Petitioner failed to exhaust his state-court remedies (*id.*, 7:12-13). On January 31, 2011, Petitioner filed his objection to the Report.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

In his objection, Petitioner argues that the FAP is not time barred for the following three reasons: (1) he timely filed a habeas petition on October, 9 2009, well within the statute of limitations; (2) Judge Bencivengo incorrectly calculated the statute of limitations; and (3) this Court previously found his habeas petition was timely. With respect to the Report's finding that Petitioner failed to exhaust state-court remedies, Petitioner argues that the claims in his FAP were raised in state court.

Having read and considered the FAP, the Report, and Petitioner's objections thereto, the Court finds the Report presents a well-reasoned analysis of the issues. The Court, therefore, concludes that the FAP is time barred and that Petitioner failed to exhaust state-court remedies.

### A. Petitioner's filing in October 2009 does not render his FAP timely.

Petitioner appears to argue that the FAP is timely because he filed another federal habeas petition on October 9, 2009. In support of this argument, Petitioner relies on the docket report from Civil Case 09-CV-2317. (*See Obj.* [Doc. 19], Ex. B.) This argument lacks merit for two reasons.

First, the filing of a federal habeas corpus petition does not toll the statute of limitations for future federal habeas relief. Duncan v. Walker, 533 U.S. 167, 172–173

1  (2001). Thus, even if Petitioner filed a federal habeas corpus proceeding on October 9, 2009, it did not toll the statute of limitations for the claims raised in his FAP.

Second, Petitioner did not file a habeas corpus petition in Civil Case 09-CV-2317. On November 5, 2009, Judge John A. Houston dismissed case 09-CV-2317 on the ground that Petitioner did not file a habeas petition, but instead filed a motion for an extension of time. (*See Order Dismissing Case Without Prejudice* [Doc. 4], p.1:22 in Case No. 09cv2317.) Accordingly, Petitioner's argument is also factually inaccurate. For these reasons, Petitioner's objection to the Report lacks merit.

### B.  The Report correctly calculated the statute of limitations.

Petitioner next appears to argue that the Report incorrectly calculated January 20, 2010 as the date the statute of limitations expired. Petitioner objection lacks merit.

On October 22, 2008, the California Supreme Court denied direct review of Petitioner's conviction. Because Petitioner did not file a writ of certiorari with the United States Supreme Court, the statute of limitations began to run 90 days later, on January 20, 2009. See Brown v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, the Report correctly found that the one-year statute of limitations expired on January 20, 2010.

### C.  This Court's previous order did not "deem" Petitioner's FAP timely.

Petitioner also argues that this Court has already "deemed that Petitioner's First Amended Petition was timely and not time barred." (*Obj.*, pp. 1–2.) In support of this argument, Petitioner appears to rely on this Court's February 24, 2010 order dismissing the original Petition.

But the February 24, 2010 order dismissed the Petition because Petitioner failed to (1) name a proper respondent, (2) allege exhaustion of state judicial remedies, and (3) use the proper form. (*Order (1) Granting Application to Proceed In Forma Pauperis*

*and (2) Dismissing Petition Without Prejudice* [Doc. 3], 4:25–27.) The order did not address the statute of limitations issue. Accordingly, Petitioner's argument lacks merit.

### D. <u>Petitioner failed to exhaust state remedies.</u>

Petitioner also objects to the Report's finding that he failed to exhaust state remedies: "Because Petitioner alerted California Supreme Court to the fact that he was claiming a violation of his due process[,] the same claim contained in claim number 1, 2, 3, the claims are exhausted." (*Obj.*, 5 of 20.) This is the exact argument Petitioner made in his opposition to Respondent's motion to dismiss. (*See Opp.*, pp. 3–4.)

But as the Report correctly found, the substance of the claims Petitioner raised in state court differ from the substance of the claims raised in the FAP. While the state-court claims related to the constitutionality of a jury instruction and whether the prosecution met its burden of proof, the FAP raised issues relating to ineffective assistance of counsel, the admissibility of evidence, and prosecutorial misconduct. Because the issues raised are different, the Court finds Petitioner failed to exhaust his state-court remedies. <u>See</u> <u>Gray v. Netherland</u>, 518 U.S. 152, 163 (1987) (Reaffirming that "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court.").

### IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the Report [Doc. 16.], **GRANTS** Respondent's motion to dismiss [Doc. 7.] and **DISMISSES** the First Amended Petition [Doc. 4.] **WITH PREJUDICE**.

//
//
//
//

10cv0359w

1      Moreover, because reasonable jurists would not find the Court's assessment of the
2 claims debatable or wrong, the Court **DENIES** a certificate of appealability. See Slack
3 v. McDaniel, 529 U.S. 473, 484 (2000).

5 **IT IS SO ORDERED.**

7 DATED: March 7, 2011

9                                                 Hon. Thomas J. Whelan
10                                                 United States District Judge